UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KARL OF THE FAMILY OF HERRINGTON,

           Petitioner,

v.                                  CASE NO. 2:11-cv-12954
                                  HONORABLE. DENISE PAGE HOOD

WAYNE COUNTY SHERIFF
BENNY N. NAPOLEON,

           Respondent.
_____/

## OPINION AND ORDER
## DISMISSING THE HABEAS CORPUS PETITION
## and
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
## and
## DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Karl Herrington has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.  The petition references case number 2:11-cr-20315, which is a federal criminal action against Petitioner in this District.  Petitioner alleges that he has been deprived of his liberty and unlawfully incarcerated since May 25, 2011.  He claims that he is entitled to habeas corpus relief because his name is not on the indictment, he is not a party to the action, and the criminal case fails to state the essential facts of the alleged offense.  Petitioner also alleges violations of the Due Process Clause and the Fourth and Fifth Amendments to the United States Constitution.

Federal court records indicate that, on June 9, 2011, Petitioner was charged in a superseding indictment with violating 26 U.S. C. § 7212(a) (attempting to interfere with the administration of Internal Revenue Laws), 26 U.S.C. § 7206(1) (making and subscribing

fraudulent and false documents), and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  *See United States v. Herrington*, No. 2:11-cr-20315 (E.D. Mich. June 9, 2011). Petitioner concedes that he is not imprisoned or detained by virtue of a final judgment, and the docket in his criminal case indicates that he has been appointed an attorney, rendered competent to stand trial, and ordered detained pending trial.  His trial is scheduled for August 23, 2011, before United States District Judge Stephen J. Murphy, III.

Petitioner is not entitled to habeas corpus relief because his claims relate to the pending criminal charges and can be raised in his criminal case.  *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120-21 (11th Cir. 2006).  The appropriate remedy for a federal pretrial detainee who is asserting violations of his constitutional rights is to file pretrial evidentiary motions in the criminal case, not a habeas corpus petition.  *Id.*; *see also Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995) (concluding that a federal detainee facing drug-related charges in Federal District Court could not seek redress through a petition for the writ of habeas corpus on a claim that his right to effective assistance of counsel was being infringed); *Gov't of Virgin Is. v. Bolones*, 427 F.2d 1135, 1136 (3d Cir. 1970) (stating that, "[o]nce a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus").

An adequate and unexhausted remedy is available to Petitioner in his criminal case. Accordingly, the petition for writ of habeas corpus [Docket No. 1, filed July 8, 2011] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases (stating that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . .

. .").[1]  This dismissal is without prejudice to any rights and remedies that Petitioner may have in his criminal case.

The habeas "statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  The Court therefore declines to issue a certificate of appealability.  And if Petitioner appeals this decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

s/Denise Page Hood
United States District Judge

Dated:  July 28, 2011

I hereby certify that a copy of the foregoing document was served upon Karl Herrington, 3501 Hamtramick Drive, Hamtramick, MI 48211 and  counsel of record on July 28, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[1]  A district court may apply this rule to a habeas corpus petition not covered by 28 U.S.C. § 2254.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.